IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| EARNEST J. FILES, JR., # 107834, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:20-CV-1023-WHA-KFP |
| | ) | (WO) |
| KENNETH PETERS, et al., | **)** | |
| | ) | |
| Respondents. | ) | |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

Alabama inmate Earnest J. Files, Jr. is before the Court on a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 by which he challenges his 2019 conviction for second-degree assault and his resulting 10-year sentence. Docs. 1, 9.[1] For the reasons discussed below, the Magistrate Judge recommends that Files's petition be dismissed as time-barred under the statute of limitations.

**I.   BACKGROUND**

**A.   Conviction and Sentence**

In August 2010, a Tallapoosa County grand jury indicted Files for assault in the second degree, in violation of ALA. CODE § 13A-6-21. Doc. 14-2. Files pleaded not guilty and, for reasons not evident from the record, his case was set and continued several times before he finally went to trial in 2019. Docs. 14-1 at 5–9, 14-3. On April 8, 2019, a jury

---

[1] References to documents in this case are designated as "Doc." Pinpoint citations refer to page numbers affixed electronically by the CM/ECF filing system and may not correspond to pagination on the copies as submitted for filing.

found Files guilty of second-degree assault as charged in the indictment. Doc. 14-4. On that same date, the trial court sentenced Files to 10 years in prison, with the sentence to run consecutively to the other sentences he was serving. *Id*. Files did not appeal, nor did he file a postconviction petition challenging his conviction.

**B.     28 U.S.C. § 2254 Petition**

Files initiated this habeas action in a pro se 28 U.S.C. § 2254 petition he filed on September 4, 2020.[2] Doc. 1. Pursuant to orders of this Court (Doc. 8), Files filed an amended petition on January 25, 2021. Doc. 9. In his petition as amended, Files argues that (1) the warrant underpinning his arrest in 2010 was facially invalid and, therefore, the trial court lacked jurisdiction to render a judgment or impose sentence; and (2) warrants issued for his arrest in December 2011 were also invalid, and his resulting arrest violated his Fourth Amendment right to be free from unreasonable seizure. Docs. 1 at 8–14, 9 at 6–19.

Respondents have filed an Answer in which they argue that Files's § 2254 petition is time-barred under the one-year federal limitation period, 28 U.S.C. § 2244(d)(1)(A). Doc. 14 at 5–8. The undersigned agrees and, consequently, finds that the petition should be DENIED and that this case should be DISMISSED with prejudice.[3]

---

[2] Files's petition was date-stamped as received by the Court on December 14, 2020. Doc. 1 at 1. However, under the "prison mailbox rule," the Court deems the petition to be filed on September 4, 2020, the date Files says he signed the petition and presumptively delivered it to prison authorities for mailing. *Id*. at 15. *See Houston v. Lack*, 487 U.S. 266, 271–72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001); *Adams v. United States*, 173 F.3d 1339, 1340–41 (11th Cir. 1999).

[3] Respondents also argue that Files's claims are unexhausted and procedurally defaulted because they were not subjected to a complete round of appellate review in the Alabama courts. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Doc. 14 at 8–10. Because it is clear that the petition is time-barred, the Court pretermits discussion of Files's procedural default.

## II. DISCUSSION

### A. The One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") contains the following time limitation for filing federal habeas petitions:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### B. Computation of Timeliness of § 2254 Petition

In most cases, a § 2254 petition must be filed within a year after the date on which the state court's judgment of conviction becomes final, either by the conclusion of direct

3

review or the expiration of time for seeking direct review. *See* 28 U.S.C. § 2244(d)(1)(A); *Pugh v. Smith*, 465 F.3d 1295, 1298 (11th Cir. 2006). Because Files took no direct appeal, his conviction became final for federal habeas purposes on May 20, 2019, i.e., 42 days after his April 8, 2019 sentencing. *See* Ala. R. App. P. 4(b)(1) (criminal defendants in Alabama must file notice of appeal within 42 days after sentencing); *Bridges v. Johnson*, 284 F.3d 1201, 1202 (11th Cir. 2002). Thus, for Files, the AEDPA statute of limitations began to run under § 2244(d)(1)(A) on May 20, 2019. Absent some tolling event, whether statutory or equitable, he had one year, or until May 20, 2020, to file a § 2254 petition.

    **1.**    **Statutory Tolling**

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." Files filed no state postconviction petitions—e.g., a petition under Rule 32 of the Alabama Rules of Criminal Procedure—challenging his conviction and sentence. Therefore, he does not benefit from tolling under § 2244(d)(2).

Files also sets forth no facts or arguments to establish a tolling event under 28 U.S.C. § 2244(d)(1)(B), (C), or (D); i.e., he has not shown that an unlawful state action impeded him from filing a timely § 2254 petition, or that his claims are based on a right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review, or that the factual predicate for any of his claims could not have been discovered earlier through the exercise of due diligence.

For Files, the AEDPA statute of limitations, under § 2244(d)(1)(A), expired on May 20, 2020. He filed his § 2254 petition on September 4, 2020—over four months after the limitations period expired.

### 2. Equitable Tolling

The AEDPA statute of limitations can be tolled on an equitable basis when a petitioner demonstrates he submitted an untimely filing "because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). The Supreme Court has held that a petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). "The petitioner bears the burden of showing that equitable tolling is warranted." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009). Here, Files makes no argument that he is entitled to equitable tolling, and the Court knows of no reason that would support tolling of the limitations period in his case. As such, Files's § 2254 petition is time-barred under the AEDPA.

### C. Actual Innocence

The AEDPA statute of limitations can be overcome by a credible showing of actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 393–94 (2013). Habeas petitioners asserting actual innocence as a gateway to review of defaulted or time-barred claims must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S.

298, 327 (1995). The standard exacted by the Supreme Court in *Schlup* "is demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623–24 (1998). In *Schlup*, the Supreme Court stated:

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . . To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

513 U.S. at 324.

Files asserts his actual innocence as a gateway to review of the claims in his time-barred § 2254 petition. Doc. 16 at 19–21. His only argument in this regard is a reassertion of his claims that 2010 and 2011 arrests were unlawful. *Id*. His challenge to his arrests, however, does not constitute "new reliable evidence" supporting a claim he was factually innocent of committing second-degree assault. Because he points to no new reliable evidence to support a claim of actual innocence, he fails to satisfy the actual-innocence exception to the habeas statute's time-bar as articulated in *Schlup*.[4] Therefore, the claims in Files's time-barred § 2254 petition are not subject to federal habeas review.

---

[4] As Justice O'Connor emphasized in *Schlup*, the Supreme Court strove to "ensure that the actual innocence exception remains only a safety valve for the extraordinary case." 513 U.S. at 333 (O'Connor, J., concurring) (internal quotation marks omitted). Files's is not such a case.

### III. CONCLUSION

For these reasons, it is the RECOMMENDATION of the undersigned Magistrate Judge that Files's 28 U.S.C. § 2254 petition be DENIED as time-barred and that this case be DISMISSED with prejudice.

It is further ORDERED that the parties shall file any objections to this Recommendation **by November 22, 2022**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 8th day of November, 2022.

    /s/ Kelly Fitzgerald Pate  
    KELLY FITZGERALD PATE  
    UNITED STATES MAGISTRATE